FILED - USDC - FLMD - ORL
JUL 20 2026 PM3:50

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IAN MALCOLM,**
Plaintiff,

v.

**CITY OF ALTAMONTE SPRINGS, FLORIDA,**
a Florida municipal corporation,

Defendant.

Case No.: 6:26-cv-01567

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks compensatory damages, declaratory relief, injunctive relief, costs, and all other relief deemed proper by this Court arising from retaliatory and selective code enforcement actions by the City of Altamonte Springs and its officials.

3. Plaintiff alleges that after reporting a permitting and inspection error involving neighboring property encroachments and after contacting City leadership regarding those issues, the City retaliated against Plaintiff through targeted code enforcement actions, selective enforcement of municipal ordinances, public shaming, and harassment.

4. Plaintiff further alleges that similarly situated neighboring properties with equal or more severe alleged violations were not subjected to similar enforcement actions.

5. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, loss of quiet enjoyment of his property, financial damages, reputational harm, and ultimately moved out of Altamonte Springs on May 1, 2026 due to fear of continued retaliatory and selective enforcement.

## II. JURISDICTION AND VENUE

6. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

8. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C. §1391 because the events giving rise to these claims occurred in Seminole County, Florida.

**III. PARTIES**

9. Plaintiff Ian Malcolm is a citizen and resident of the State of Florida.

10. At all material times, Plaintiff resided at 516 Oakwood Court, Altamonte Springs, Florida.

11. Defendant City of Altamonte Springs is a Florida municipal corporation organized under the laws of the State of Florida and may be served through its City Manager or authorized agent.

**IV. FACTUAL ALLEGATIONS**

12. In or around 2024–2025, Plaintiff discovered that neighboring improvements, including fencing, landscaping, sod, and irrigation systems, encroached onto Plaintiff's property.

13. The fencing encroachment was allegedly approved during City post- inspection processes.

14. Plaintiff confirmed the encroachment through property surveys, measurements, and physical observations.

15. Plaintiff contacted the City's Building and Permit Department seeking correction of the issue.

16. Plaintiff requested investigation and onsite review by City officials.

17. On or about May 14, 2025, Plaintiff met with City Code Enforcement personnel, including Stachia Low.

18. During the meeting, Plaintiff alleges City officials dismissed the matter as merely "civil" despite the alleged involvement of City inspection errors.

19. Plaintiff alleges City personnel failed to properly measure or investigate the encroachment issues.

20. Plaintiff further alleges City officials later admitted inspection errors involving fence

measurements.

21. On May 16, 2025, Plaintiff contacted the City Manager's office regarding the inspection and enforcement concerns.

22. Approximately ninety-five minutes after communication from the City Manager's office, City Code Enforcement personnel arrived at Plaintiff's property and initiated enforcement activity against Plaintiff.

23. Plaintiff alleges the timing and nature of the enforcement activity constituted retaliation for Plaintiff's complaints to City leadership.

24. The alleged violations included grass-height and fence-related issues.

25. Plaintiff alleges that neighboring properties allegedly had grass, fence, and maintenance conditions equal to or worse than Plaintiff's property but were not subjected to similar enforcement actions.

26. Plaintiff documented multiple neighboring properties allegedly exceeding the same code provisions for which Plaintiff was cited.

27. Plaintiff alleges that City officials failed to uniformly enforce municipal code provisions.

28. Plaintiff further alleges that City personnel placed a highly visible "Notice of Code Violation" sign in Plaintiff's yard for public display and humiliation on July 9th 2025.

29. Plaintiff alleges that the enforcement actions caused embarrassment, emotional distress, anxiety, and fear of continued retaliation.

30. Plaintiff alleges City personnel made statements indicating bias and targeting toward Plaintiff.

31. Plaintiff alleges Defendant's actions were arbitrary, retaliatory, selective, malicious, or undertaken with deliberate indifference to Plaintiff's constitutional rights.

32. Plaintiff moved out of Altamonte Springs on May 1, 2026 due to fear of continued selective enforcement and retaliation by City officials.

33. On or about June 15, 2026, Plaintiff submitted a public records request to the City of Altamonte Springs seeking records relating to the enforcement actions described herein. The City denied the request. When Plaintiff requested the legal basis for withholding the requested records, the City failed and/or refused to identify the specific statutory exemption under Florida law that authorized the denial. Plaintiff alleges this refusal hindered his ability to investigate the City's conduct and further evidences a pattern of

retaliatory, arbitrary, and non-transparent conduct relevant to Plaintiff's First Amendment retaliation, Fourteenth Amendment due process, and municipal liability claims.

**COUNT I – FIRST AMENDMENT RETALIATION (42 U.S.C. §1983)**

33. Plaintiff realleges and incorporates paragraphs 1–33 as if fully stated herein.

34. Plaintiff engaged in constitutionally protected activity by reporting alleged inspection and permitting errors, contacting City departments, petitioning City leadership, and speaking publicly regarding City conduct.

35. Defendant, through its officials and employees, subjected Plaintiff to adverse actions, including targeted code enforcement activity.

36. Defendant's actions would deter a person of ordinary firmness from exercising First Amendment rights.

37. Plaintiff alleges the retaliatory enforcement actions were substantially motivated by Plaintiff's protected speech and complaints.

38. As a direct and proximate result, Plaintiff suffered damages.

**COUNT II – FOURTEENTH AMENDMENT EQUAL PROTECTION / SELECTIVE ENFORCEMENT (42 U.S.C. §1983)**

39. Plaintiff realleges and incorporates paragraphs 1–33 as if fully stated herein.

40. Plaintiff was intentionally treated differently from similarly situated property owners.

41. Neighboring properties allegedly maintained comparable or more severe conditions but were not cited or subjected to equivalent enforcement.

42. Defendant lacked a rational basis for the differential treatment.

43. Defendant's conduct constituted arbitrary and selective enforcement in violation of the Equal Protection Clause.

44. As a direct and proximate result, Plaintiff suffered damages.

**COUNT III – FOURTEENTH AMENDMENT DUE PROCESS (42 U.S.C. §1983)**

45. Plaintiff realleges and incorporates paragraphs 1–33 as if fully stated herein.

46. Defendant engaged in arbitrary, inconsistent, retaliatory, and fundamentally unfair enforcement conduct.

47. Defendant deprived Plaintiff of protected property interests and quiet enjoyment rights through improper governmental conduct.

48. Defendant's conduct violated standards of due process guaranteed under the Fourteenth Amendment.

49. Plaintiff suffered damages as a direct and proximate result.

**COUNT IV – MUNICIPAL LIABILITY (Monell Claim – 42 U.S.C. §1983)**

50. Plaintiff realleges and incorporates paragraphs 1–32 as if fully stated herein.

51. Defendant City acted through its departments, officials, policymakers, customs, practices, and/or failures in supervision and training.

52. The constitutional violations described herein were caused by policies or customs of selective enforcement, failure to supervise and train code enforcement personnel, deliberate indifference to constitutional rights, and/or ratification of retaliatory conduct by City leadership.

53. Defendant's conduct caused Plaintiff's constitutional injuries and damages.

**DAMAGES**

54. Plaintiff suffered emotional distress, humiliation, anxiety and fear, loss of quiet enjoyment of property, reputational harm, relocation damages, financial losses, and other compensatory damages.

55. Plaintiff seeks compensatory damages in an amount to be determined at trial, but exceeding $200,000, together with costs, interest, attorney's fees where applicable, and all other relief this Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages;

C. Award costs and allowable attorney's fees pursuant to 42 U.S.C. §1988;

D. Award declaratory relief;

E. Award injunctive relief prohibiting retaliatory or selective enforcement conduct;

F. Award pre-judgment and post-judgment interest;

G. Grant trial by jury on all issues so triable; and

H. Grant any other relief the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

Ian Malcolm
4413 Riverton Drive
Orlando, FL 32817
(407) 470-8851
Ian.Malcolm238@gmail.com
Plaintiff, Pro Se